Gerald E. ERICKSON,
*Respondent,*

*v.*

Robert ATKINSON
and Bob Atkinson Logging & Lumber, Inc.,
*Defendants,*

*and*

MANIFOLD BUSINESS
AND INVESTMENTS, INC.,
*Appellant,*

*v.*

Gerald E. ERICKSON
and Kathleen Erickson,
*Respondents,*

*and*

Reuben LENSKE,
*Appellant.*

(87-5940; CA A62548)

812 P2d 2

Ivan J. Vesely, Portland, argued the cause for appellants. With him on the brief was Reuben Lenske, *pro se*.

John K. McIlhenny, Jr., Portland, argued the cause for respondents. With him on the brief was Sorensen-Jolink, Trubo & Koch, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges. '

RICHARDSON, P. J.

## RICHARDSON, P. J.

Manifold Business and Investment, Inc. (Manifold) and Reuben Lenske appeal from a judgment for plaintiff in this timber trespass action.[1] They make *no* assignment of error and, in other respects, their brief comes nowhere close to compliance with our rules. Nevertheless, because one error is apparent on the face of the record, we reverse in part.

Plaintiff originally named Lenske as a defendant. However, in the course of preparing for trial, plaintiff's attorney discovered facts that led him to conclude that Lenske was not a "proper defendant." Consequently, *plaintiff* moved to dismiss Lenske as a party. The motion was allowed.

The case was tried to the court. It found that Lenske had complete control of Manifold and that he and it "are one and the same entity." Having pierced the corporate veil, the court entered a joint and several judgment against Manifold, Lenske and one other defendant. Plaintiff defends the substance of the judgment, but says little about the procedure. Plaintiff maintains:

> "In this case the record at trial established that the corporate Defendant and Reuben Lenske were one and the same. Naming the corporation a defendant was the same as naming Reuben Lenske a defendant. Because of the complete comingling of identity, notice to the corporation was notice to Lenske and defense of the corporation was defense of Lenske. Reuben Lenske himself said, 'Where I am the corporat[ion] is,' and he certainly conducted business that way. This is particularly so in that Reuben Lenske had been a named Defendant at the outset of litigation and had only been voluntarily dismissed when it was determined that he was not the owner of the property adjacent to Respondent's property.

> "* * * He had notice and an opportunity to litigate. He testified at trial, sat at counsel table and contributed to his defense. The outcome would have been no different had he remained a named defendant. The finding that his corporation, one in which he was the 'only active operator', was essentially his alter ego deprives Mr. Lenske of a basis for avoiding personal liability in this case."

---

[1] The other parties and claims are not involved in any of the issues that require discussion.

Plaintiff cites no authority — and there is unlikely to be any with which we would agree — for the proposition that a judgment can be entered against a non-party under circumstances such as these. It is not material that Lenske had the opportunity and ability to defend himself, because there was nothing against which he was required to defend.

Reversed as to Lenske; otherwise affirmed.