**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHERRILL FORD-TORRES, | No. 08-35261 |
| Plaintiff - Appellant, | D.C. No. 6:06-CV-00914-ALA |
| v. | |
| CASCADE VALLEY TELECOM, INC., an Oregon corporation; ROBERT O'SHEA; N.W. CASCADE MARKETING, INC., | MEMORANDUM [*] |
| Defendants, | |
| and | |
| JADENT, INC., an Oregon corporation; DENNIS O'SHEA; TOM O'SHEA, | |
| Defendants - Appellees. | |

| | |
|---|---|
| SHERRILL FORD-TORRES, | No. 08-35545 |
| Plaintiff - Appellee, | D.C. No. 6:06-cv-00914-AA |
| v. | |
| CASCADE VALLEY TELECOM, INC., | |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

an Oregon corporation; ROBERT O'SHEA; N.W. CASCADE MARKETING, INC.,

Defendants,

and

JADENT, INC., an Oregon corporation; DENNIS O'SHEA; TOM O'SHEA,

Defendants - Appellants.

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief District Judge, Presiding

Argued and Submitted October 8, 2009
Portland, Oregon

Before: O'SCANNLAIN and N.R. SMITH, Circuit Judges, and WHYTE,[**] District Judge.

Sherrill Ford-Torres appeals from the district court's grant of summary

judgment in favor of defendants Jadent, Inc. ("Jadent"), Dennis O'Shea

("Dennis"), and Thomas O'Shea ("Tom")[1] on her sex discrimination, state-law tort,

---

[**] The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

[1] Robert O'Shea ("Robert"), Cascade Valley Telecom, Inc. ("Cascade"), and Northwest Cascade Marketing, Inc. ("Northwest") did not join in the motion for summary judgment below and are not parties to the present appeal.

and fraudulent transfer claims.  Defendants cross-appeal from the district court's denial of sanctions against plaintiff's counsel under Federal Rule of Civil Procedure 11(c)(1)(A).  We review grants of summary judgment de novo.  *Balint v. Carson City Nev.*, 180 F.3d 1047, 1050 (9th Cir. 1997).  We affirm.

I

A

With respect to Ford-Torres' sex discrimination claims, the district court properly concluded that Jadent could not be considered Ford-Torres's "employer" under Oregon or federal law.

Oregon courts recognize the indirect employer theory only in the context of Employer's Liability Law claims, *see Boothby v. D.R. Johnson Lumber Co.*, 55 P.3d 1113, 1116-17 (Or. Ct. App. 2002), and the joint employer theory only in the context of workers' compensation claims, *see Liberty Nw. Ins. Corp. v. McDonald*, 66 P.3d 528, 530 (Or. Ct. App. 2003).  Ford-Torres raises neither type of claim.

Under Title VII, the purported indirect employer must be "the entity performing the discriminatory act."  *Anderson v. Pacific Maritime Ass'n*, 336 F.3d 924, 931 (9th Cir. 2003).  Without such evidence, the district court correctly concluded that plaintiff could not proceed against defendants as indirect employers.  "Two or more employers may be considered 'joint employers' if both employers

3

control the terms and conditions of employment of the employee." *E.E.O.C. v. Pacific Maritime Ass'n*, 351 F.3d 1270, 1275 (9th Cir. 2003) (internal quotation marks omitted). Ford-Torres's allegations taken as a whole do not raise a triable issue as to whether Jadent, Tom, or Dennis had any authority over Cascade employees, or determined in any way the terms or conditions of their employment.

B

The district court also properly granted summary adjudication on the state-law tort claims (reckless and intentional infliction of emotional distress). Because Ford-Torres presented no evidence that Robert was an employee of defendants, there was no basis for holding defendants liable for Robert's conduct under a theory of *respondeat superior*. *See Chesterman v. Barmon*, 753 P.2d 404, 406 (Or. 1988).

C

The district court properly granted summary judgment in favor of Jadent, Dennis and Tom on the claims under Oregon's Uniform Fraudulent Transfer Act ("UFTA"). Ford-Torres appears to argue that Cascade fraudulently transferred its right to payment under its contract with Jadent to Northwest. She also contends that after Cascade ceased doing business, Jadent paid Northwest the money Jadent owed Cascade. Under the UFTA, such claims could conceivably be asserted against Cascade (the debtor) or Northwest (the transferee), but not against Dennis, Tom or

4

Jadent (non-debtor transferors).  *See Cadle Co. II v. Schellman*, 868 P.2d 773, 777 (Or. Ct. App. 1994).

## II

Defendants cross-appeal the denial of sanctions against plaintiff's counsel under Federal Rule of Civil Procedure 11.  "[I]n considering a Rule 11 motion, a district court must find whether a violation in fact has taken place." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996).  Here, the district court denied sanctions without making any findings as to whether there were any Rule 11 violations.  "Because such a reasoned basis is necessary to make appellate review meaningful," we vacate the order denying sanctions and remand so that the district court can make the requisite findings.

AFFIRMED in part, VACATED and REMANDED in part.

Costs are awarded to defendants Jadent, Inc., Dennis O'Shea, and Thomas O'Shea.