On respondents-cross-appellants' petition for reconsideration filed January 18, and appellants-cross-respondents' response to petition for reconsideration filed January 25; reconsideration allowed, former opinion (316 Or App 775, 505 P3d 486) modified and adhered to as modified February 24, 2022

Weston TWIGG
and Carrie Twigg,
*Plaintiffs-Respondents*
*Cross-Appellants,*
*and*

RAINIER PACIFIC DEVELOPMENT, LLC (RPD),
an Oregon limited liability company,
*Defendant,*

*v.*

Gregg OPSAHL,
Hana Opsahl, and Erik Opsahl,
*Garnishees-Appellants*
*Cross-Respondents.*

Multnomah County Circuit Court
18CV58804; A174051

505 P3d 516

Leslie M. Roberts, Judge.

Steven F. Cade and Sussman Shank LLP for petition.

J. Kurt Kraemer and McEwen Gisvold LLP for response.

Before Kamins, Presiding Judge, and Lagesen, Chief Judge, and Landau, Senior Judge.

PER CURIAM

Reconsideration allowed; former opinion modified and adhered to as modified.

**PER CURIAM**

The Twiggs petition for reconsideration of our opinion in *Twigg v. Opsahl*, 316 Or App 775, 505 P3d 486 (2022), asking that we clarify the opinion to address additional allegations that we did not expressly discuss with respect to their Uniform Fraudulent Transfer Act (UFTA) theory. We agree with the Twiggs that our discussion of the UFTA theory inadvertently omitted mention of allegedly unlawful distributions to members. To avoid confusion on remand, we allow reconsideration and modify the text of our prior opinion to correct those omissions. Specifically, we modify the phrase "rent arrangement was" at 316 Or App at 778 to read "rent arrangement and distributions were." And, we modify all subsequent references in the opinion to "rent payments" so that they refer to "rent payments and distributions."

Reconsideration allowed; former opinion modified and adhered to as modified.