504 May 8, 2024 No. 303

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Jeanette A. PETIX,
*Plaintiff-Appellant,*

*v.*

Aaron L. GILLINGHAM
et al.,
*Defendants,*
*and*

James B. SHIKANY,
*Defendant-Respondent.*

Washington County Circuit Court
19CV49445; A176528

Theodore E. Sims, Judge.

Argued and submitted on September 15, 2022.

Stanley D. Gish argued the cause and filed the briefs for appellant.

J. Aaron Landau argued the cause for respondent. Also on the brief were Graham M. Sweitzer and Harrang Long Gary Rudnick P. C.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

## POWERS, J.

In this fraudulent transfer action under the Uniform Fraudulent Transfers Act (UFTA), we must decide whether a nontransferee attorney may be held jointly liable for the alleged fraudulent transfer of his client. The trial court concluded that the attorney could not be held jointly liable and entered a limited judgment dismissing plaintiff's claims against the attorney based on the attorney's motion for judgment on the pleadings. As explained below, we conclude that, based on the text and context of the statutory framework, claims under the UFTA are limited to those brought against a debtor, transferee, or the transferred asset itself. In this case, because the nontransferee attorney is neither the debtor nor transferee, we affirm the trial court's limited judgment.

## STANDARD OF REVIEW AND BACKGROUND

In reviewing a trial court's judgment on the pleadings, we accept as true all well-pleaded allegations in the complaint. *Eklof v. Persson*, 369 Or 531, 548, 508 P3d 468 (2022) (citing *Rowlett v. Fagan*, 358 Or 639, 649, 369 P3d 1132 (2016)). In accordance with that standard, we briefly set out the relevant facts as described in plaintiff's amended complaint.

Plaintiff is a judgment creditor, having a judgment with an unpaid balance secured by a lien against a residential property that debtor John Lucas owned. Plaintiff's lien against the property was foreclosed when a mortgagee bank secured a judgment of foreclosure against the property and sold it at an open-bidding foreclosure sale. Lucas retained title and a statutory right of redemption to the property for a 180-day period and sought funding from Aries Holdings, LLC, Gillingham (Aries's manager), and defendant Shikany (Aries's attorney), to repurchase the property.[1]

Rather than provide funding for Lucas to repurchase the property through statutory redemption—whereby any liens, including plaintiff's, would reattach—Aries purchased the property itself. Aries and defendant used the

---

[1] Plaintiff also made claims for relief against Aries and Gillingham, but her claims against defendant Shikany are the only claims subject to this appeal.

potential redemption price if redeemed by Lucas to negotiate a purchase price that was considerably less than the market value at the time. On the same day that Aries purchased the property, Lucas paid Aries $45,000 and signed a written Lease Option Agreement, allowing him to stay in possession of the home, make rental and option payments, and have an opportunity to purchase the property in the future. The lease option was not recorded, and neither were three bargain and sale deeds that Lucas used to transfer his interest in the property to Aries. Over the next year, Lucas paid Aries $28,500 in rent and option fees.

Plaintiff brought suit against Aries, Gillingham, and defendant, among others. She alleged that Lucas's payments to Aries were fraudulent transfers under Oregon's UFTA and that defendant was a coconspirator who took concerted action with Lucas and Aries to transfer assets from Lucas to Aries with the intent to defraud. Plaintiff further asserted that Aries was a shell entity under ORS 63.661(1)(a)(C) and that defendant was liable as Aries's agent. Plaintiff sought a money judgment against Aries, Gillingham, and defendant, jointly and severally.

The trial court dismissed some of plaintiff's claims against Gillingham, Aries, and defendant, including the portion of her UFTA claim that asserted that there was a fraudulent transfer related to the foreclosure redemption rights of the mortgagor.[2] As gave rise to this appeal, the parties continued to litigate the remaining portion of the UFTA claim—plaintiff's demand to recover amounts that Lucas paid under the lease option agreement—and defendant ultimately moved for a judgment on the pleadings pursuant to ORCP 21 B. The trial court granted that motion, explaining that:

"[Defendant] is not a debtor nor the transferee in the property at issue. ORS Ch. 95 (Oregon Fraudulent Transfer and Conveyances Act) limits its application to the debtor, the transferee or the asset transferred.

"This Court lacks authority to award a judgment against a person who is neither a judgment debtor nor a transferee

_____

[2] That ruling, which pertained to redemption rights, was the subject of a separate but related appeal, *Petix v. Gillingham*, 325 Or App 157, 528 P3d 1152, *rev den*, 371 Or 333 (2023).

of the property at issue. In addition, because there is therefore no underlying claim to support a civil conspiracy theory, that claim is also dismissed."

The trial court then entered a limited judgment of dismissal as to the claims against defendant. Plaintiff timely appeals from that limited judgment.

On appeal, plaintiff contends in a single assignment of error that the trial court erred in granting defendant's motion for judgment on the pleadings. She argues that, although defendant was not a transferee of the alleged fraudulent transfer, he was nevertheless jointly liable with the transferee, Aries, under both a civil conspiracy theory of joint liability and a shell entity theory of liability. Under a theory of civil conspiracy, plaintiff argues that, where an attorney knowingly participates in a fraudulent transfer made with the intent to defraud, the acts of the transferee are imputed to the attorney. That is, plaintiff contends that a fraudulent transfer violating the UFTA provides an underlying tort, and that civil conspiracy provides a remedy to impose joint liability on persons that are not directly liable for the tort. Under a theory of shell entity liability, plaintiff argues that defendant was an "agent" of Aries and that his failure to record the deed or lease makes him jointly liable.

As to both of plaintiff's arguments, defendant asserts, among other arguments, that relief under the UFTA is not available against a person who is neither a transferee nor a debtor. Because it is undisputed that defendant is neither, he argues that the trial court correctly granted his motion dismissing the claims against him.

## DISCUSSION

We review the trial court's disposition of the motion for judgment on the pleadings to determine whether the allegations in the pleadings affirmatively show that plaintiff cannot prevail as a matter of law. *Smith v. Washington County*, 180 Or App 505, 507, 43 P3d 1171, *rev den*, 334 Or 491 (2002). We review issues that implicitly interpret statutory terms for legal error. *See S. L. L. v. MacDonald*, 267 Or App 628, 631, 340 P3d 773 (2014).

Plaintiff's claim for relief is based on the UFTA, which is codified at ORS 95.200 to 95.310. The UFTA "does not name any specific causes of action[,]" but rather "describe[s] when a transfer is considered fraudulent and provide[s] remedies for affected creditors." *Twigg v. Opsahl*, 316 Or App 775, 783, 505 P3d 486, *modified on recons*, 317 Or App 815, 505 P3d 516, *rev den sub nom Twigg v. Rainier Pacific Development, LLC*, 370 Or 303 (2022). We are aware of no controlling authority that has construed whether civil conspiracy and shell entity liability are actionable under the UFTA, nor are we aware of any controlling authority that has directly addressed the related issue of whether a remedy is available under the UFTA against a person other than a transferee or debtor or against the asset itself. We conclude that, even assuming that civil conspiracy and shell entity liability are viable claims under the UFTA, recovery is nevertheless limited to debtors, transferees, and the asset itself, by operation of ORS 95.260 and ORS 95.270 (2019), *amended by* Or Laws 2023, ch 83, § 5; and ORS 95.290.[3] Thus, to the extent that a civil conspiracy or shell entity liability claim is brought against a nontransferee or nondebtor, it is not a viable claim under the UFTA and cannot prevail as a matter of law.

In reaching that conclusion, we examine the operative statutes through the interpretive framework established in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (explaining that we examine a statute's text, context, and pertinent legislative history to discern the legislature's intent).

Remedies authorized under the UFTA are provided for in ORS 95.260 and ORS 95.270. Although remedies under the UFTA are cumulative and not exclusive, supplemental provisions of law (which may come with their own remedies) must be grounded within the remedies authorized by the UFTA. *See Twigg*, 316 Or App at 783 ("[W]hen an action for relief * * * is based on and seeks a remedy authorized by the UFTA's provisions, it is an action for relief 'under' the

---

[3] Plaintiff filed her complaint in January 2020. The legislature amended many of the UFTA statutes, including ORS 95.270, effective January 1, 2024. Therefore, we cite to ORS 95.270 (2019), which was in effect at the time of plaintiff's complaint, throughout this opinion.

UFTA."). Thus, we examine the text and context of those statutes.

ORS 95.260, which explicitly establishes remedies for creditors under the UFTA, provides:

"(1)   In any action for relief against a transfer or obligation under ORS 95.200 to 95.310, a creditor, subject to the limitations provided in ORS 95.270, may obtain:

"(a)   Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim.

"(b)   An attachment or other provisional remedy against the asset transferred or other property of the transferee in accordance with the procedure prescribed by any applicable provision of any other statute or the Oregon Rules of Civil Procedure.

"(c)   Subject to applicable principles of equity and in accordance with applicable rules of civil procedure:

"(A)   An injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property;

"(B)   Appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or

"(C)   Any other relief the circumstances may require.

"(2)   If a creditor has obtained a judgment on a claim against the debtor and if the court so orders, the creditor may levy execution on the asset transferred or its proceeds."

The other UFTA provision explicitly addressing remedies is ORS 95.270, which provides, in part:

"(1)   A transfer or obligation is not voidable under ORS 95.230 (1)(a) as against a person who took in good faith and for a reasonably equivalent value or any subsequent transferee or obligee.

"(2)   Except as otherwise provided in this section, to the extent a transfer is voidable in an action by a creditor under ORS 95.260 (1)(a), the creditor may recover judgment for the value of the asset transferred, as adjusted under subsection (3) of this section, or the amount necessary to satisfy the creditor's claim, whichever is less. The judgment may be entered against:

"(a)   The first transferee of the asset or the person for whose benefit the transfer was made; or

"(b)   Any subsequent transferee.

"(3)   If the judgment under subsection (2) of this section is based upon the value of the asset transferred, the judgment must be for an amount equal to the value of the asset at the time of the transfer, subject to adjustment as the equities may require.

"(4)   A creditor may not recover under subsection (2)(b) of this section from a good-faith transferee or obligee who took for value or from any subsequent transferee or obligee.

"(5)   Notwithstanding voidability of a transfer or an obligation under ORS 95.200 to 95.310, a good-faith transferee or obligee is entitled, to the extent of the value given the debtor for the transfer or obligation, to:

"(a)   A lien on or a right to retain any interest in the asset transferred;

"(b)   Enforcement of any obligation incurred; or

"(c)   A reduction in the amount of the liability on the judgment."

Together, the statutes provide creditors with remedies against debtors, certain transferees, and the asset itself. Although the statutory framework does not expressly preclude recovery against nontransferees, given the text and context, we conclude that recovery is limited to debtors, certain transferees, and the asset itself.

Plaintiff contends that ORS 95.260(1)(c)(C), which provides for "[a]ny other relief the circumstances may require[,]" allows remedies outside of the UFTA to be combined with remedies outlined within the UFTA. She points to *Twigg*, which included garnishment as a remedy under the UFTA, to support her argument. We agree that ORS 95.260(1)(c)(C) explicitly contemplates additional remedies. However, we understand that provision to operate within the context of the UFTA framework as a whole, which limits remedies to those brought against transferees, debtors, or the asset itself. In particular, ORS 95.260(1) is "subject to the limitations provided in ORS 95.270," which addresses remedies against transferees and subsequent transferees.

ORS 95.260(1)(c)(A) to (B) likewise set out remedies against the debtor, transferee, and transferred asset only. Those parameters suggest that the "[a]ny other relief" provided in ORS 95.260(1)(c)(C) is likewise confined to remedies against a debtor, transferee, and the asset transferred. That is, the "[a]ny other relief" provision in ORS 95.260(1)(c)(C) does not expand the categories of defendants who may be liable under the UFTA; rather, the provision expands the remedies available against the specific categories of defendants authorized by the UFTA.

Moreover, the interpretation that remedies under ORS 95.260 and ORS 95.270 are confined to remedies brought against a debtor, transferee, or the asset itself is consistent with our prior treatment of those statutes. *See Twigg*, 316 Or App at 782 (explaining that ORS 95.260 "provides creditors with two avenues for relief: They may obtain broad and flexible remedies against debtors and transferees in actions under the UFTA, and they may also proceed directly against the transferred asset itself" (internal quotation marks omitted)); *Jakobitz v. Iron Horse Business Services, LLC*, 208 Or App 515, 522, 145 P3d 277 (2006) (describing ORS 95.270 as a remedy that "permits the creditor to recover a judgment against the first and any subsequent transferee of the asset for the value of the asset at the time of the transfer, up to the amount of the creditor's claim against the transferor"); *Cadle Co. II v. Schellman*, 126 Or App 372, 378, 868 P2d 773 (1994) (concluding that the trial court had no authority under ORS 95.260(1) and ORS 95.270(2) to award the plaintiff creditor a judgment against the defendant who was a trustee but not a transferee with regard to a particular asset).

Lastly, we are aware of no legislative history, and plaintiff provides none, that indicates that the legislature intended for the UFTA's remedies to apply to nontransferees. *See* ORS 174.020(3) ("A court may limit its consideration of legislative history to the information that the parties provide to the court. A court shall give the weight to the legislative history that the court considers to be appropriate.").[4]

---

[4] Although it has no bearing on the outcome of this case, we note that the recent amendment to ORS 95.270, effective January 1, 2024, appears to be consistent with our interpretation of the version at issue in this case: Recovery under

In sum, even if civil conspiracy and shell entity liability are claims that may be brought under the UFTA, such claims would be limited to actions brought against a debtor, transferee, or the transferred asset. In this case, neither theory of liability can be brought under the UFTA against defendant because defendant is neither a debtor nor a transferee.

Accordingly, we conclude that the trial court did not err in granting defendant's motion for a judgment on the pleadings and subsequently dismissing plaintiff's claim against defendant.

Affirmed.

the UFTA is limited to debtors, transferees, and the asset itself. *See* ORS 95.270 (2023) (providing that recovery "is available only against" the debtor, certain transferees, and the asset itself).