258 August 7, 2024 No. 549

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

LINCOLN LOAN CO.,
an Oregon corporation,
*Plaintiff-Appellant,*

*v.*

PDXF3, LLC,
*Defendant,*

*and*

Richard WEILL,
*Defendant-Respondent.*

Multnomah County Circuit Court
22CV08977; A179447

Eric J. Neiman, Judge.

Argued and submitted June 14, 2024.

Melinda B. Wilde argued the cause for appellant. Also on the briefs was Melinda B. Wilde LLC.

Erica Tatoian argued the cause for respondent. Also on the brief were Graham M. Sweitzer and Harrang Long P.C.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this civil action, plaintiff Lincoln Loan seeks reversal of a trial court ruling granting summary judgment in favor of defendant Richard Weill. Lincoln contends that genuine issues of material fact exist regarding whether Weill qualified as a transferee or an insider under Oregon's Uniform Voidable Transactions Act (UVTA).[1] Because undisputed evidence in the record establishes that Weill does not qualify as either a transferee or an insider under the UVTA, we affirm.

Following the execution of two promissory notes secured by real property, Lincoln became a secured creditor of the Geppert Estate. Later, Lincoln obtained a judgment of foreclosure on one of those promissory notes, causing the Geppert Estate's property to be sold at a foreclosure sale. After that sale, the Geppert Estate conveyed to defendant PDXF3, by deed, any and all right, title, and interest of the Geppert Estate that still existed in the foreclosed property. Thereafter, both Lincoln and PDXF3 made claims to surplus funds that arose from the sale.

Following extensive proceedings at the trial level, this court concluded that "the trial court was required to order that the surplus funds from the foreclosure sale be distributed to PDXF3." *Lincoln Loan Co. v. Estate of George Geppert*, 307 Or App 213, 214-15, 477 P3d 7 (2020), *rev den*, 367 Or 826 (2021). As a result, on remand, the trial court entered an order directing the surplus funds to be disbursed to PDXF3 through its attorney, Weill.

Subsequently, Lincoln filed the present action against PDXF3 and Weill, alleging that the Geppert Estate's transfer of the deed to PDXF3 was fraudulent under the UVTA. Weill moved for summary judgment, and the trial court granted the motion, issuing a limited judgment of dismissal with prejudice as to Weill.

---

[1] Oregon's Uniform Fraudulent Transfer Act (UFTA) was substantively amended and redesignated as the UVTA in 2023. Or Laws 2023, ch 83, § 13. Because the substantive amendments do not apply in this case, we cite to the prior version of the statute in this opinion. *See* Or Laws 2023, ch 83, § 14(b) (amendments to ORS 95.230 and ORS 95.240 do "not apply to a transfer made or obligation incurred before the effective date of this 2023 Act").

On appeal, Lincoln contends that the trial court erred in granting Weill's motion for summary judgment, because there were genuine issues of material fact regarding whether Weill qualified as a transferee or an insider relating to the transfer of the surplus proceeds under the UVTA.

"We review a trial court's grant of summary judgment for legal error, and we will affirm if there are no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." *Towner v. Bernardo/Silverton Health*, 304 Or App 397, 400, 467 P3d 17, *rev den*, 367 Or 115 (2020).

At the outset, the parties disagree regarding the proper scope of Lincoln's claim on appeal. Weill argues that Lincoln's fraudulent transfer claim is limited to the transfer of the deed, while Lincoln contends that the claim includes the transfer of the surplus proceeds. We need not resolve that dispute, because Lincoln is not entitled to a UVTA claim against Weill with respect to the transfer of the deed *or* the surplus proceeds.

We begin with Lincoln's first two assignments of error, contending that the trial court erred in granting Weill's motion for summary judgment based on the court's finding that Weill was not a "transferee" under the UVTA. The UVTA, codified at ORS 95.200 to 95.310, "describe[s] when a transfer [of an asset] is considered fraudulent and provide[s] remedies for affected creditors." *Twigg v. Opsahl*, 316 Or App 775, 783, 505 P3d 486, *adh'd to as modified on recons*, 317 Or App 815, 505 P3d 516, *rev den*, 370 Or 303 (2022). As relevant, a transfer is fraudulent where "a debtor" made the transfer "(a) [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor; or (b) [w]ithout receiving a reasonably equivalent value in exchange for the transfer * * *." ORS 95.230(1) (1985), *amended by* Or Laws 2023, ch 83, § 8. And UVTA claims are "limited to actions brought against a debtor, transferee, or the transferred asset." *Petix v. Gillingham*, 332 Or App 504, 513, 550 P3d 414 (2024).

Beginning with the deed, it is undisputed that the deed itself was never transferred to Weill. Therefore, Weill is not a transferee of the deed. *See id.* at 512-13 (concluding that no UVTA claim was available against the attorney defendant

where he was involved in an alleged fraudulent transfer of an asset, but the asset was never transferred to him).

Turning to the surplus proceeds, that transaction involved a transfer of the proceeds from the trial court's registry to Weill's law firm trust account, so that Weill could disburse the funds in trust to PDXF3. That transfer was ordered pursuant to our decision in *Lincoln Loan*, 307 Or App at 225. Lincoln contends that that transfer was fraudulent in violation of the UVTA. However, under the relevant provisions of the UVTA, relief is available only when a transfer is made by a debtor. ORS 95.230(1) (1985) ("A transfer made * * * *by a debtor* is fraudulent as to a creditor" under the circumstances described in ORS 95.230(1)(a) and (b). (Emphasis added.)). Here, the funds were transferred to Weill from the *trial court*—not a debtor. *Cf. Cushman v. Wilkinson*, 129 Or App 317, 879 P2d 873 (1994) (describing the fraudulent transfer of an asset from a debtor-defendant to a transferee). That transaction falls outside the scope of the UVTA and, therefore, the trial court did not err in granting Weill's motion for summary judgment.

Lastly, in its third assignment of error, Lincoln argues that the trial court erred in granting Weill's motion for summary judgment based on the court's finding that Weill was not an "insider" under the UVTA. Specifically, Lincoln contends that the transfer of the surplus funds was not conducted at arm's length, due to Weill's close relationship with both the Geppert Estate and PDXF3 at the time of the transaction. Under the UVTA, as relevant here, an insider theory of liability involves the transfer of an asset "*by* a debtor * * * *to* an insider." ORS 95.240(2) (1985), *amended by* Or Laws 2023, ch 83, § 9 (emphases added). Because, as discussed above, the deed was never transferred to Weill, Weill cannot qualify as an insider with respect to the deed. And because the surplus funds were not transferred by a debtor, no insider theory of liability can be brought under the UVTA against Weill.

The trial court did not err in granting Weill's motion for summary judgment and dismissing Lincoln's fraudulent transfer claim against him.

Affirmed.